## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **DOUG JOHNSON, On Behalf of Himself and All Others Similarly Situated,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | Civil Action No. 3:14-cv-2667 |
| **PAYLOCITY CORPORATION** | § § § | **Jury Demanded** |
| **Defendant.** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Doug Johnson, on behalf of himself and all others similarly situated ("Plaintiff") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant and show as follows:

### I.      NATURE OF SUIT

1.      The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers.  To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2.      Defendant violated the FLSA by misclassifying Plaintiff, and those similarly situated, as exempt and failing to pay them at time and one-half their regular rates of pay for all hours worked within a workweek in excess of forty hours.  Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.    PARTIES

3.      Plaintiff Doug Johnson is an individual who resides in Dallas County, Texas and has been employed by Defendant within the meaning of the FLSA.  He has consented to be a party in this action and his consent form is filed with this Complaint as Exhibit A.

4.      The "Class Members" are Defendant's current and former employees (whether referred to as Implementation Consultants or by other titles) who set up and maintained payroll services for Defendant's customers.

5.      Defendant Paylocity Corporation is a foreign corporation licensed to conduct business in Texas.  Defendant can be served with process through their registered agent, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

## III.    JURISDICTION

6.      This Court has jurisdiction over Defendant because Defendant is doing or has done business in this state and has sufficient minimum contacts to give the Court jurisdiction.  Further, Plaintiff has asserted a claim arising under federal law.

## IV.    VENUE

7.      Venue is proper in the Northern District of Texas because Plaintiff worked in this District, Defendant maintains an office in this District, and the events forming the basis of the suit occurred in this District.

## V.    COVERAGE

8.      At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9.      At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10.     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11.     At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## VI.     FACTUAL ALLEGATIONS

12.     Plaintiff was employed by Defendant as an implementation consultant from approximately April 2013 to approximately December 2013.

13.     As implementation consultants, Plaintiff and the Class Members were responsible for performing clerical and ministerial computer work in setting up new clients, inputting employee deduction and earning information, and inputting the relevant data for Defendant's clients to use a payroll system.  These tasks were clerical in nature and did not require the exercise of discretion and independent judgment.

14.     Plaintiff and the Class Members routinely worked in excess of 40 hours per week. Plaintiff and the Class Members were paid on a salary basis and were not paid overtime pay for the hours they worked in excess of 40 per week.

15.     During the three year period prior to this suit, Defendant has employed other individuals as implementation consultants.

16.     Defendant was aware of the need to track and pay for overtime work, but failed to do so. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members.

## VII.    COLLECTIVE ACTION ALLEGATIONS

17.     Plaintiff and the Class Members performed the same or similar job duties as one another as set forth above.

18.     Plaintiff and the Class Members were subjected to the same pay provisions in that they were paid on a salary basis which did not pay them overtime pay for their hours of work in excess of 40 per week even though they worked more than 40 hours per week.  Thus, the Class Members are owed unpaid overtime for the same reasons as Plaintiff.

19.      Defendant's failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of paying Plaintiff and the Class Members on a salary basis which fails to pay for overtime work at overtime rates.  These policies or practices are/were applicable to Plaintiff and the Class Members.  Application of these policies or practices does not depend on the personal circumstances of the Plaintiff or those joining this lawsuit.  Rather, the same policies or practices which resulted in the non-payment of overtime to Plaintiff applied to all Class Members.

20.     Defendant was aware of the need to track and pay for overtime work, but failed to do so. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members.

## VII.    CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

21.     During the relevant period, Defendant has violated and is violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees

in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.  Defendant has acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## VIII.   RELIEF SOUGHT

22.     WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

a.      For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

b.      For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c.      For an Order awarding Plaintiff (and those who may join in the suit) attorneys fees; and

d.      For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *J. Derek Braziel*_____

**J. DEREK BRAZIEL**
*Attorney in Charge*

**PLAINTIFF'S ORIGINAL COMPLAINT**                                        **Page - 5**

State Bar No. 00793380
**MELISSA B. WESLEY**
Texas Bar No. 24079828
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com


**ATTORNEYS FOR PLAINTIFF**